# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **VITALIZE OFFICIAL,**<br><br>                Plaintiff,<br><br>~ *versus* ~<br><br>**THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A**,<br><br>                Defendants. | Case No. `1:25-cv-07899`<br><br>**District Judge** Honorable Charles P. Kocoras<br><br>**Magistrate Judge** Keri L. Holleb Hotaling |

---

### MEMORANDUM OF LAW *by*
### DEFENDANT LOROC'E *in Support of*
### MOTION TO MODIFY INJUNCTION *and to file*
### MATERIAL UNDER SEAL

---

        By:    Baruch S. Gottesman, Esq.
                      GOTTESMAN LEGAL PLLC
                      11 Broadway, Suite 615
                      New York, NY 10004
                      *Counsel for Defendant LOROC'E*

1

**Introduction and Summary of Argument**

Loroc'e ("Moving Defendant") has separately moved to Dismiss the Complaint for failure to state a claim, for lack of personal jurisdiction, and because factually there has been no plausible allegation of infringement (ECF 54-55). That Motion remains pending and will be resolved on its own terms.

This Motion assumes–for the sake of argument–that the Moving Defendant is properly in the lawsuit and even "admits" (again, for rhetorical purposes only), that there is a plausible claim of infringement. Loroc'e simply seeks to cap the freeze imposed on their financial accounts to the net sales of the allegedly infringing product that can plausibly be claimed in this suit. This will limit the damage caused to the Defendant by the wrongly imposed injunction and will allow the Defendant to continue sales of other products (which Plaintiff does not challenge) in their Amazon store.

In other words, this Motion narrowly addresses the *scope* of the Preliminary Injunction as imposed on the Defendant. It asks that the freeze be capped at the amount provided in the accompanying Affidavit of the Moving Defendant (to be filed under Seal, if leave is granted) and with whatever further supporting documentation the Honorable Court may need in their consideration of this Motion.

The practical impact of the freeze is that no further sales can take place through the store because there is no liquidity to pay for product, shipping and other expenses necessary to maintain the store. This causes losses in revenue of tens of thousands of dollars each month and permanent damage to the Amazon search algorithm.

As it relates to actual damages suffered by the Plaintiff, should they win, the Defendant's corporate representative will submit the Affidavit under seal that demonstrates the net sales of the accused product.

If requested, the Defendant's representative is prepared to testify and submit further documentary evidence (because of the need to protect closely kept business secrets about the cost structure of their business) as necessary.

Other District Judges addressing the issue of freezes have agreed to cap the amount frozen at the amount of eventual damages likely to be won. *See, e.g.*, Order in *Klauber v. The Partnerships*, Case No. 1:23-cv-10407 (N.D. Ill. Oct. 31, 2023)(ECF 87)(Judge Durkin limited the freeze to $10,000.00 after testimony as to net income from the allegedly infringing product); *Neman Bros. & Assocs. v. The Partnerships*, Case No. 24 C 05666, 2024 U.S. Dist. LEXIS 223383, at *13 (N.D. Ill. Dec. 10, 2024)(denying Motion to cap freeze with leave to renew upon submission of evidence of actual net income – in other words, the Court will cap the freeze upon submission of documentary evidence of actual net income from the infringing product). As applied here, we submit that this Honorable Court should limit the freeze to the net sales described in the accompanying Affidavit, which the highest realistic assessment of the potential damages that the Plaintiff would win, assuming that this case moves forward and Plaintiff is successful at trial.

Defendant also asks for leave to file any further documentary evidence that this Court may require under seal because documentary evidence of Loroc'e cost of goods (including sourcing and other financial information summarized in the Affidavit in Support) are closely guarded business secrets, and its exposure would do fatal damage to their business. Defendant is open to coordinating with Plaintiff on a Protective Order under which the Plaintiff's Counsel will have access to such information subject to appropriate protections.

**Conclusion**

For these reasons, the Moving Defendant respectfully requests that the freeze be limited to $10,000.00 and, in the alternative, that they be permitted to supplement this submission by an Affidavit to be filed under Seal and/or a virtual hearing at which testimony can be taken of the Defendant's representative.

DATED: **DECEMBER 5, 2025**

                                              RESPECTFULLY SUBMITTED,

By: _____
Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Loroc'e*

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 5, 2025, simultaneous with the filing of this Submission, a copy of this submission was served on the Docket using the CM/ECF system and a courtesy copy to the e-mail of all Appearing Parties.